IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TOMMY R. VAUGHN                                                           PLAINTIFF

VS.                    Civil No. 2:18-cv-02001-MEF

NANCY A. BERRYHILL, Commissioner,
Social Security Administration                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tommy R. Vaughn, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

**Procedural Background**

Plaintiff filed his application for SSI on May 22, 2014. (ECF No. 10, pp. 23, 161, 198, 229). He alleged that his disability began on March 2, 2002, due to right eye blindness, back and knee problems, high blood pressure, unspecified skin condition, degenerative disc disease, and bone fragments in the shoulder and neck. (*Id*.). His claims were denied initially on September 18, 2014, and upon reconsideration on December 8, 2014. (*Id.*, pp. 104, 109). Plaintiff requested an administrative hearing, and the hearing was held on July 30, 2015 in Fort Smith, Arkansas, before the Hon. Clifford Shilling, Administrative Law Judge ("ALJ"). (*Id*., pp. 42-74). Plaintiff appeared in person and was represented by counsel, Laura J. McKinnon. (*Id*.). Vocational expert, Larry Seifert, and Plaintiff's significant other, Roxanne Marsh, also

1

testified at the hearing. (*Id*.). On the date of the hearing, Plaintiff amended his onset date to May 3, 2013. (*Id.*, p. 45).

By written decision dated June 28, 2016, the ALJ found that although Plaintiff had the severe impairments of right eye blindness, degenerative disc disease, and problems with his neck and shoulders, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (*Id*., pp. 26-28). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can occasionally perform overhead reaching bilaterally. The Claimant can lift/carry 20 pounds occasionally and 10 pounds frequently, push/pull within those limitations, stand/walk for six hours in and eight-hour workday with normal breaks, and sit for six hours in an eight-hour workday with normal breaks. The claimant cannot perform work requiring depth perception or right peripheral vision. (*Id*., pp. 28-30).

With the assistance of a vocational expert ("VE"), the ALJ then determined Plaintiff would be unable to perform any past relevant work (*Id*., p. 30); however, the ALJ found Plaintiff could perform the requirements of the representative occupations of: Photocopying-machine operator (DOT No. 207.685-014), 68,848 jobs in the national economy; Bakery worker, conveyor line (DOT No. 524.687-022), with 5,571 jobs in the national economy; or, Blending-tank tender helper (DOT No. 520.687-066), with 9,106 jobs in the national economy. (*Id*., pp. 35-36). The ALJ found Plaintiff had not been disabled under the definition of the Act from July 1, 2013 through the date of his decision. (*Id*.).

On November 17, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.*, pp. 1-5). Plaintiff then filed this action. (ECF No. 1). This matter is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs. (ECF Nos. 16, 17). The case is ready for decision.

## Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  20 C.F.R. § 416.920(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

**Discussion**

Plaintiff raises the following issues in this matter: (1) whether the ALJ properly considered the severity of Plaintiff's impairments in making his RFC assessment; (2) whether the ALJ properly considered the side effects of his medications; (3) whether an MRI report from May of 2018 warrants remand; and, (5) whether the Court should allow a recommendation for Plaintiff's physical therapist to be entered into evidence.  (ECF No. 16, pp. 1-2).

**A.  Residual Functional Capacity Analysis**

Plaintiff argues the ALJ failed to fully consider the severity of his impairments.  (*Id*.).  Plaintiff argued that his fibromyalgia, muscle spasms, and pain would interfere with his work to a degree that no employer would tolerate.  (*Id*.).

A disability claimant has the burden of establishing his RFC.  *Vossen v. Astrue*, 612 F. 3d at 1016.  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3).  The Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ considered the Plaintiff's testimony, disability reports, treatment records, and medical opinion evidence in making his RFC determination. The ALJ first considered the Plaintiff's testimony and past reports concerning his pain and functional limitations. The ALJ noted that while Plaintiff alleged disabling pain at the hearing, he previously reported only intermittent pain in his Pain Questionnaires from November of 2013 and June of 2014. (ECF No. 10, pp. 29, 213, 244). The ALJ also considered Plaintiff's reports that he could stand/walk up to four hours before experiencing pain; sit two hours before experiencing pain; walk up to two miles before needing to stop and rest; and, he could lift up to 30 pounds. (*Id*.). The ALJ considered Plaintiff's activities of daily living, specifically that Plaintiff was able to care for his infant son. (*Id*., p. 32).

The ALJ also considered Plaintiff's medical records, finding they showed only mild and moderate findings since the amended alleged onset date. (*Id*., p. 29). Regarding Plaintiff's allegations of bone fragments in his shoulder, the ALJ examined x-rays from April of 2013, which were found to be unremarkable with no significant abnormalities. (*Id*., pp. 30, 336). The ALJ considered x-rays of Plaintiff's cervical spine on the same date, which also had no mention of bone fragments. (*Id*., pp. 30, 337). However, the ALJ did find those x-rays showed cervical spine degeneration which would limit Plaintiff to only light work with overhead reaching, and these limitations were reflected in the final RFC assessment. (*Id*.). The ALJ considered the lack of medical evidence, despite multiple physical examinations, of moderate or serious

abnormalities or weakness in Plaintiff's lower back and lower extremities, including multiple findings of a normal gait. (*Id*., pp. 30-32).

The ALJ also considered opinion evidence offered by two consultative examiners and two non-examining medical consultants. (*Id*., p. 33). The ALJ accorded only limited weight to Dr. Honghiran's RFC assessment, as his answers on the check-mark form were inconsistent with his examination. (*Id*.).

Upon a careful review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

**B.     Side Effects of Plaintiff's Medication**

Plaintiff argues that the ALJ did not properly account for the side effects of his medications, including drowsiness, lightheadedness, confusion or trouble remembering things, dizziness and balance/coordination issues. (ECF No. 16, p. 1).

The ALJ specifically considered Plaintiff's testimony that his medications caused side effects, including sleepiness, dizziness, forgetfulness, nausea, and a morning nosebleed. (ECF No. 10, p. 29). The ALJ noted Plaintiff submitted many reports for his disability claim, but he failed to report side effects in most of his reports. (*Id*., pp. 32, 214, 258, 267, 286). The record shows Plaintiff did allege medication side effects in one report he submitted in June 2014, however, he also reported he did not have to discontinue any medication because of side effects. (*Id*., pp. 245, 253). The ALJ also considered the lack of complaints of medication side effects in Plaintiff's medical records. (*Id*., p. 32). When a Plaintiff fails to report side effects of their medications to their doctors, the ALJ may properly discount Plaintiff's complaints. *Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly discounted when plaintiff did not complain to doctors that her medication made concentration difficult).

The Court finds the ALJ properly considered the evidence concerning the side effects of Plaintiff's medications.

## C. New Evidence

Plaintiff submitted an MRI report dated May 14, 2018, and he asks the Court to consider it as evidence of his condition worsening. (ECF No. 16, pp. 2-3). Plaintiff also seeks to submit a recommendation from his physical therapist into evidence, and he attached some 2018 treatment records from a physical therapist. (*Id.*).

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993*)*; *Chandler v. Secretary of Health and Human Servs.*, 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf*, 3 F.3d at 1215.

The ALJ issued his decision on January 10, 2017, which is just over 16 months before the May 14, 2018 MRI was done. (ECF No. 10, p. 20). The Appeals Council denied Plaintiff's request for review on November 17, 2017, nearly six months before the date of the MRI report. (*Id.*, p. 1).

As this medical evidence is well outside the relevant time period, the Court will not consider it and will not accept a recommendation from Plaintiff's current physical therapist for the same reasons.

**Conclusion**

Having carefully reviewed and considered the entire record, the Court finds that substantial evidence supports the ALJ's decision denying Plaintiff SSI benefits. The ALJ's decision should be, and it hereby is, affirmed. Plaintiff's Complaint should be dismissed with prejudice.

DATED this 28th day of February 2018.

                                    /s/ Mark E. Ford
                                    HON. MARK E. FORD
                                    UNITED STATES MAGISTRATE JUDGE